UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


DAVID LEE RILEY, JR,

      Plaintiff,

v.                                                              Case No. 3:20cv5427-LC-HTC

ASSISTANT STATE ATTORNEY
FREDERICK V. LONGMIRE,

      Defendant.

_____/

<u>ORDER AND REPORT AND RECOMMENDATION</u>

      Plaintiff, proceeding *pro se*, filed a complaint seeking to assert claims under 42 U.S.C. § 1983, alleging he is being imprisoned in violation of his First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights because of a defective Amended Information signed by the Assistant State Attorney Longmire. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon screening the amended complaint under 28 U.S.C. § 1915A, and for the reasons set forth herein, the undersigned respectfully recommends that this action be dismissed because Plaintiff fails to state a claim on which relief may be granted and seeks monetary relief against a defendant who is

immune from such relief.  Thus, the undersigned finds that allowing Plaintiff to amend his complaint would be futile.

## I.    BACKGROUND

Plaintiff is a pretrial detainee currently incarcerated at the Escambia County Jail.  He sues one defendant, Assistant State Attorney, Frederick E. Longmire ("Longmire").  The following background is drawn from the complaint (ECF Doc. 1) and from the online court docket entries and documents in Riley's state criminal case, Escambia County Circuit Court case number 2019-CF-692A,[1] which "constitute judicially noticeable facts under Rule 201."  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020).

On January 25, 2019, Riley was arrested for trafficking in methamphetamine, possessing controlled substances and drug paraphernalia, and driving with a suspended license.  *See* Arrest Report (Jan. 28, 2019).  An Amended Information, signed by Defendant Longmire, was filed November 18, 2019.  *Id.*  Riley attaches a copy of that Amended Information to his complaint, ECF Doc. 1 at 9.

In his complaint, Riley states that the Amended Information is a "(non)conviction" and he is therefore "reporting a crime of obstruction of justice,

---

[1] Available by search at http://public.escambiaclerk.com/BMWebLatest/Home.aspx/Search.  Also, the state court docket, arrest report, and minutes of the May 1, 2020 hearing, referenced herein, will be filed as exhibits to this order.  *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

involuntary servitude, slavery, hate crime." In his statement of claims he argues that (1) his arraignment was not valid, and in violation of "former Jeopardy, former immunity, former acquittal, an abolished not guilty plea" and (2) the indictment or information "abandons the chief cornerstone demanded by article (3) section (6) of the Florida Constitution of **one subject** and **one matter** and (non)substantially charging a violation of [Fla. Stat.] 893.135 . . . ." Petitioner alleges that "[a] crime of obstruction of justice has been committed by Frederick V. Longmire . . . and is being reported . . . . This is a (non) final case and a (non) conviction involving a hate crime, involuntary servitude, slavery, obstruction of justice." ECF Doc. 1 at 8. For relief, Riley seeks to report a crime by Defendant Longmire and $3,000,000.00 in punitive damages.

## II.    LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief from a governmental employee, the Court has an obligation to review the complaint and dismiss it, or any portion of it, if the Court determines it is "(1) frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *See Cooley v. Ocwen Loan Servicing, LLC*, 729 F. App'x 677, 680 (11th

Cir. 2018). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Id.* at 681 (quoting *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure ("FRCP") 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal under this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    DISCUSSION

Plaintiff asserts claims seeking criminal prosecution and monetary damages against a state prosecutor. However, as discussed more fully below, Plaintiff's claims against Assistant State Attorney Longmire are subject to dismissal because Longmire is immune from liability under § 1983, a plaintiff cannot seek the prosecution of another under § 1983, and the federal court should abstain from interfering in a pending state criminal proceeding.

## A.    Prosecutorial Immunity

Prosecutors have absolute immunity from § 1983 actions that arise from the prosecutor's conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Absolute immunity applies to a prosecutor's actions undertaken as an advocate for the State. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). Activities as an advocate include initiating and presenting the State's case in a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993). This function encompasses a wide range of conduct including illegal and unconstitutional conduct, such as "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions." *Hart*, 587 F.3d at 1295 (quoting *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979)). As the Eleventh Circuit stated in *Hart,* when acting as an advocate "the absolute immunity doctrine has evolved such that even wrongful or malicious acts by prosecutors are allowed to go unredressed." *Hart*, 587 F.3d at 1298.

There can be no doubt that the filing of an Amended Information, which is the conduct at the core of Plaintiff's complaint, was an act undertaken within Longmire's function as an advocate for the State, for which Longmire has absolute

immunity from suit. Indeed, the U.S. Supreme Court has expressly ruled that "a state prosecutor ha[s] absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (citing *Imbler v. Pachtman,* 424 U.S. 409 (1976)). Accordingly, Plaintiff's claim for damages against Longmire, the sole defendant in this action, is barred by absolute immunity.

## B.    Requested Prosecution Of Another

Additionally, as stated above, Plaintiff also seeks "to report a crime of obstruction of justice." To the extent he seeks any kind of relief from this Court by this statement, such relief cannot be granted. "The decision of whether to investigate, arrest, or prosecute government officers or officials is within the discretion of the United States [or Florida State] Attorney; a decision in which the court will not interfere." *Crutcher v. Bolling*, No. 216CV01422KOBJHE, 2017 WL 2962358, at *5 (N.D. Ala. May 18, 2017), *report and recommendation adopted sub nom. Peara Crutcher v. Bolling*, No. 216CV01422KOBJHE, 2017 WL 2960534 (N.D. Ala. July 11, 2017); *see Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375 (2nd Cir. 1973). Also, a private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also, Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987) (citing *Linda R.S., supra,* and affirming the dismissal of a

petition for writ of mandamus seeking to compel investigation and prosecution of state prosecuting attorney).  Simply, a complaint is not the proper procedural avenue to "report" a crime.

### C.   Federal Court Abstention Under *Younger v. Harris*

Finally, even if Longmire was not absolutely immune from liability, Riley's allegations relate to an ongoing criminal action and thus would, nonetheless, be subject to dismissal.  Pursuant to *Younger v. Harris,* 401 U.S. 37, 53 (1971), federal courts must abstain when adjudication of a litigant's claims would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. *Boyd v. Georgia*, No. CV 112-042, 2012 WL 2862157, at *1 (S.D. Ga. May 14, 2012), *report and recommendation adopted*, No. CV 112-042, 2012 WL 2862123 (S.D. Ga. July 11, 2012), *aff'd*, 512 F. App'x 915 (11th Cir. 2013); *see also Heck v. Humphrey,* 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.").

While *Younger* involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that the *Younger* abstention doctrine extends to cases involving § 1983

claims for monetary damages. *See Doby v. Strength,* 758 F.2d 1405, 1405–06 (11th Cir. 1985) (requiring abstention pursuant to *Younger* where plaintiff raised Fourth Amendment § 1983 damages claims related to ongoing state criminal proceedings); s*ee also 31 Foster Children v. Bush*, 329 F.3d 1255, 1274–75 (11th Cir. 2003) ("Although *Younger* concerned state criminal proceedings, its principles are 'fully applicable to noncriminal judicial proceedings when important state interests are involved.'") (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). As the *Middlesex* Court framed the issue, "[t]he question . . . is threefold: first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex*, 457 U.S. at 432*.* (emphasis omitted); *see also Old Republic Union Ins. Co. v. Tillis Trucking Co.,* 124 F.3d 1258, 1261 (11th Cir. 1997).

As to the first factor, Riley admits in his complaint that his claim is entirely based on an ongoing state criminal proceeding. ECF Doc. 1 at 8. The state docket sheet reflects that the criminal proceeding is still ongoing. The Amended Information was filed on November 18, 2019, Plaintiff was judged incompetent to proceed and committed to the custody of the Department of Children and Families on March 13, 2020, and his motion for release on bond was denied after a phone

hearing on May 1, 2020.  The notes from the May 1, 2020 hearing indicate that his case is set for a competency status conference on October 14, 2020.

Additionally, an adjudication in this case will interfere with the state proceeding.  Here Riley's relief would require a finding that the Amended Information was deficient, which would interfere with the state court's adjudication of the validity of the case against Riley.  *See Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) ("A finding that the traffic stop was unconstitutional would interfere with the state court's adjudication of the validity of the traffic citation. Thus, the federal proceeding would interfere with the state proceeding" and abstention by the district court was proper).

The second *Middlesex* factor, whether the state proceedings implicate important state interests, also weighs in favor of abstention.  States clearly have an interest in prosecuting violations of their laws.  *See*, *e.g.*, *Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state "interest in the enforcement of its criminal laws"); *Christman v. Crist*, 315 F.App'x 231, 232 (11th Cir. 2009) ("The ability to prosecute DUI charges is an important state interest . . . ."); *Bullard v. Gonzalez*, No. 15-60038-CIV, 2015 WL 13831711, at *5 (S.D. Fla. Aug. 31, 2015) (finding important state interest in prosecuting crime of battery on police officers and abstaining from civil rights claim for excessive use of force stemming from same incident).

Finally, the third *Middlesex* factor also weighs in favor of abstention; Riley will have "an adequate opportunity in the state proceedings to raise constitutional challenges."  *See Middlesex*, 457 U.S. at 432.  Riley is still at the beginning of his criminal case, and he has offered no allegations that he is not able to mount constitutional challenges in his case.  Indeed, the state docket shows that he was granted a probable cause determination on January 28, 2019, filed a motion to suppress evidence on February 13, 2019, was ordered to be evaluated by a psychological professional on January 24, 2020, and filed a motion for bond which was heard on May 1, 2020.  Florida also offers direct appeal and postconviction review opportunities under Fla. R. Crim. P. 3.800 and 3.850.  Therefore, nothing in this case suggests that he will not have an adequate opportunity in the state proceedings to raise constitutional challenges.

Accordingly, even if Longmire was not absolutely immune from liability, which he is, this Court should nonetheless abstain from exercising jurisdiction over Plaintiff's claim.

## IV.    CONCLUSION

A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  *Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir.2011) (citations

and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R & R") provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. Of Elec. Workers Local Union, 349,* 262 Fed. Appx. 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); *Anderson v. Dunbar Armored, Inc.,* 678 F.Supp.2d 1280, 1296 (N.D. Ga. 2009) (noting that R & R served as notice that claims would be *sua sponte* dismissed). As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams,* No. 1:12–CV–3562–TWT–JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Accordingly, it is ORDERED:

1.    The clerk shall file copies of the state court docket, arrest report, and minutes of the May 1, 2020 state court hearing as exhibits to this order.

Additionally, it is respectfully RECOMMENDED that:

1.      This action be DISMISSED under 28 U.S.C. § 1915A because Plaintiff

(1) fails to state a claim on which relief may be granted and (2) seeks monetary relief

against a defendant who is immune from such relief.

2.      The clerk be directed to close the file.

Done in Pensacola, Florida this 11th day of May, 2020.

_/s/ Hope Thai Cannon_

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.